**Donald M. LEWIS, III, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 18, 2001.
Decided June 12, 2001.

Donald M. Lewis, III, Harrisburg, for petitioner.

Audrey Feinman Miner, Harrisburg, for respondent.

Before PELLEGRINI, and LEADBETTER, Judges, MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

The Pennsylvania Department of Transportation (PennDot) filed a motion to quash as untimely Donald M. Lewis' III, Esquire (Lewis) petition for review from PennDot's determination that certain documents requested by him were not within the purview of the Pennsylvania Right–to–Know Act (Act)[1] and would not be made available for his review.

On September 8, 2000, Lewis, on his own behalf, requested to inspect 19 differing categories of documents in PennDot's possession on or before September 25, 2000. Lewis was counsel for Balfour Beatty Construction, Inc., an out-of-state corporation, in underlying suspension and debarment proceedings that were pending before PennDot. By letter dated September 19, 2000, Audrey Feinman Miner, Assistant Chief Counsel for PennDot (Counsel), advised Lewis that upon review of his request, a preliminary determination was made that eight of the 19 categories requested did not meet the definition of public records under the Right–to–Know Act and would not be provided for his review.[2]

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

2. Those eight requests were for the following documents:

(7) With regard to the contracts identified in (6) above, all minutes, orders, or decisions by Penn–DOT from July 1, 1992 to present, deciding that any aspect of a contractor's work was deficient in terms of their duties or obligations under their contract with Penn–DOT with regard to maintenance and protection of traffic or safety, and any documents essential to this decision. [The contracts referred to in paragraph (6) of the Right to Know Act Request include: "Any contracts or addenda to contracts entered into between January 1, 1992 and present, to repair, improve, build, widen, resurface or otherwise work upon roads or bridges in Engineering District 8–0, where the contract was between PennDOT and any of the following contractors: Kinsley Construction, Inc., Dick Corporation, Hempt Bros., Inc., Baker Heavy & Highway, Inc., Angelo Iafrate Construction Company, and Valley Quarries, Inc."]

(8) With regard to the contracts identified in (6) above, all notes, minutes, orders, or decisions by Penn–DOT from July 1, 1992 to present, deciding that Penn–DOT had particular safety and traffic concerns which it believed the contractor was obligated to correct, and any documents essential to that decision. This request includes but is not limited to minutes of meetings, "maintenance and protection of traffic lists," "punch lists," and "notices of non-compliance."

* * *

(11) With regard to the contracts identified in (10) above, all minutes, orders, or decisions by Penn–DOT from July 1, 1992 to present, deciding that any aspect of a contractor's work on a project is deficient in terms of their duties or obligations under their contract with Penn–DOT with regard to maintenance and protection of traffic or safety, and any documents essential to this decision. [The contracts referred to in paragraph (10) of the Right to Know Act Request include: "Any contracts or addenda to contracts from January 1, 1992 to present between PennDOT and any party,

Further, Counsel stated that if Lewis disagreed with this assessment, he could provide further information to PennDot relating to his disagreement and the matter would be reconsidered. As to his remaining requests, Counsel stated that due to the volume and nature of his request, inspection of these documents could not occur prior to the September 25th deadline, and the documents would be made available to him as soon as practicable. Lewis responded by specifically delineating why his remaining requests should have been granted and also noted that rather than waiting for the documents as a whole to be identified and compiled, he wished to review them on a rolling basis. Counsel never formally responded to what was, in effect, a request by Lewis for reconsideration of the eight of the 19 categories of requested documents.[3]

On November 15, 2000, because Penn-Dot did not formally respond to his correspondence, Lewis filed a petition for review with this Court contending that all of the documents he requested were subject to disclosure pursuant to the Right-to-Know Act and should be made available for inspection within 30 days of the Court's order. This Court, *sua sponte,* issued an order dismissing Lewis' petition for review, finding that it was untimely filed pursuant to Pa. R.A.P. 1512(a)(1) which requires that appeals from administrative decisions be filed within 30 days of the entry of an order.[4] Lewis then filed an application for reconsideration which we granted reinstating Lewis' petition for review without prejudice to PennDot to file a motion seeking to quash the petition for review as either premature or untimely filed. PennDot thereafter provided a par-

to construct, build, repair, widen, or resurface highways, roads, or bridges anywhere in the Commonwealth of Pennsylvania, and the contract was in excess of forty million dollars."]

(12) With regard to the contracts identified in (10) above, all notes, minutes, orders, or decisions by Penn–DOT from July 1, 1992 to present deciding that Penn–DOT had particular safety and traffic concerns which it believed the contractor was obligated to correct, and any documents essential to that decision. This request includes but is not limited to minutes of meetings, "maintenance and protection of traffic lists," "punch lists," and "notices of non-compliance."

\* \* \*

(14) All minutes, orders, or decisions of PennDOT assigning William Weigle as a supervisor (project manager, TCMI, TCM2, resident engineer, assistant resident engineer or similar position) on any PennDOT project concerning the construction, building, repair, expansion, widening, or resurfacing of highways, roads, or bridges anywhere in the Commonwealth of Pennsylvania in the past ten years.

(15) Any minute, order, or decision by William Weigle in the past ten years on behalf of PennDOT, that a contractor or subcon-

tractor in any construction contract with PennDOT to repair, widen, expand, maintain, or resurface bridges or roads in Pennsylvania has not fulfilled its obligations or duties under the contract, including but not limited to "punch lists," "notices of noncompliance," and/or "maintenance and protection of traffic lists."

\* \* \*

(18) All Right to Know Act or other public records requests submitted to PennDOT from January 1, 2000 to present by any Department of Transportation or any representative thereof relating in any way to Balfour Beatty.

(19) With regard to the requests identified in (18) above, all documents produced in response to such requests.

3. While Lewis does admit in his brief that PennDot's counsel left a voice mail message, that is not a matter of record and, in any event, does not satisfy the request for a written decision. 2 Pa. C. S. § 101; 2 Pa.C.S. § 507.

4. Pa. R.A.P. 1512(a)(1) specifically provides that a petition for review of a quasijudicial order must be filed within 30 days after the entry of the order.

tial response to Lewis' previous requests with respect to certain contracts identified in categories 6 and 10. After PennDot filed a motion to quash the petition for review, we ordered that because there was nothing in the Act addressing the issues raised in the motion, it was to be argued with the merits and submitted on briefs.

In its motion to quash, PennDot asserts that its September 19, 2000 letter denying Lewis the right to inspect eight categories of documents because they were not public records as defined by the Act was a final determination. Because the appeal was not filed within 30 days of the decision, it argues that the appeal must be quashed. If we determine that the appeal was not a final determination, PennDot contends that Lewis' appeal is premature because a denial of his request must occur for an appeal to be taken under the Act. In opposition, Lewis argues that PennDot's motion to quash should be dismissed because his petition for review was timely filed as the September 19th letter was a preliminary determination concerning the eight categories of his requests and did not trigger the appeals process. He then asserts that his appeal should not be quashed as premature because the preliminary order determination was transformed into a final determination because PennDot constructively denied all of his requests for documentation by failing to respond within a reasonable amount of time.[5]

PennDot's September 19th letter specifically provides:

I have made a preliminary determination that some of the categories of documents you seek do not meet the defini-

tion of public record and therefore will not be provided ... If you disagree with this assessment, please provide me with the specific information which you base your disagreement and I will reconsider my position ... Regarding the remaining categories, once the documents are assembled, I will conduct a review to determine whether there are public records responsive to your requests ...

■ We agree with Lewis that this language makes clear that PennDot was simply in the preliminary stages of considering his request and it would be open to amending its position if Lewis could demonstrate that the eight categories of documents were actually public records under the Act. If PennDot wanted this letter to act as a final denial of Lewis' request, it would not have solicited a further response on his part. Moreover, once Lewis accepted PennDot's invitation to provide it with information of why he disagreed with the determination, then the determination did not become final until there was a reply to his response.

■ However, because we find that the September 19th letter did not constitute an affirmative denial of Lewis' requests, we agree with PennDot that any appeal taken by Lewis at this time is premature because Lewis did not have a right to appeal under the Act until there had been denial of access to public records which did not occur here. *Statewide Bldg. Maintenance, Inc. v. Pennsylvania Convention Center Authority*, 160 Pa.Cmwlth. 544, 635 A.2d 691 (1993); Section 66.4 of the Act, 65 P.S. § 66.4.[6] Moreover, because there is no provision in the Act which

5. Lewis also asserts that PennDot's motion to quash should be dismissed as untimely as it should have been filed within 30 days after the petition for review was reinstated pursuant to Pa. R.A.P. 1516(c). However, PennDot's request goes to jurisdiction which can be raised at any time.

6. Specifically, Section 66.4 provides, in relevant part:

Any citizen of the Commonwealth of Pennsylvania denied any right granted to him...[under the Act] might appeal from such denial. If such court determines that

states that if an action has not occurred within a certain period of time, a request for access is deemed denied, allegations that an agency has not responded in a certain time frame does not constitute a constructive denial. Any relief from a contention that the agency has refused to respond or has not responded to his request within a reasonable time, if anywhere, lies in our original jurisdiction. Because there is no final order from which to appeal, Lewis' petition for review is quashed.[7]

## ORDER

AND NOW, this *12th* day of *June*, 2001, the petition for review filed by Donald M.

Lewis, III is quashed with direction to PennDot to make a final determination as to what documents will be available to Lewis for review pursuant to Pennsylvania's Right–to–Know Act, Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4, and to make such documents available within sixty (60) days of this order.

such denial was not for just and proper cause under the terms of this act, it may enter such order for disclosure as it may deem proper.

7. Because we have quashed the appeal, we need not address the merits. We note, though, that Lewis' request reads like a discovery request rather than a Right–to–Know Act request. Rather than requesting accounts or vouchers that he wants to examine, what he wants PennDot to do is to conduct a record search and produce certain documents. Under the Act, all an agency is required to do is make the records available for inspection; it is up to the requester to conduct the search. *See Tapco, Inc. v. Township of Neville* 695 A.2d 460 (Pa.Cmwlth.1997). Moreover, an agency is only required to respond within a reasonable time, not the time that the requestor identifies that he or she wants the information made available.